Caria, per
O’Neall, J.
The agreement, in this case, is to be construed, as in all other cases, according to the intent and meaning of the parties, to be collected from the words which they have used; and, according to this rule, their covenants are to be regarded as dependent or independent. 1 Saund. 320, note 4, a.
The agreement, on the part of the plaintiff, as set out in his declaration, was to build a house of certain dimensions and parts, in a workman-like manner, for the defendant; and the agreement on the part of the defendant, as also set out in the declaration, was to pay to the plaintiff, for the whole work, $1125; $425 tobe paid when the house was enclosed, by weatherboarding and shingling, and the re *337 maining $700 to be paid when the whole work was completed. The plaintiff avers that he has performed the contract, on his part, but that the defendant has broken it, in not paying to him the money due to the plaintiff, according to the terms of the agreement. To the plaintiff’s declaration, the defendant pleaded performance generally, and concluded to the country; and the plaintiff joined issue. The defendant pleaded, also, a special plea, setting out that the plaintiff did not, and would not, build the house described in the covenant, according to its minute and particular description. To this plea the plaintiff demurred, and the defendant joined in demurrer.
The first point now to be considered is, whether the second plea, thus pleaded,, is an answer to the declaration. I have no doubt it is not. For the plaintiff claims to recover, 1st, $425, on framing, weatherboarding and shingling the house; and 2d, $700 on completing the house. To say that you did not build and complete' the house, is no answer to the first demand. It may be, for aught which appears in that plea, that the house was framed, weather-boarded and shingled, and if so, the plaintiff is entitled to recover $425. It is true, this precise point is nottechically made by the demurrer; but yet it is in substance made, when the plaintiff stated, “ that the covenants in the said articles of agreement, as in the said declaration set forth, are independent, and that it is not necessary for the said Frederick to prove that he did perform, fulfil and keep, all .the things, in the said articles of agreement, on his part to be performed, fulfilled and kept, in order that he, the said Frederick, should have and maintain his aforesaid action thereof against him.” I agree with the Judge below, that the defendant’s covenants cannot be said to be entirely independent of the plaintiff’s; for there is no doubt each depends upon the other to some extent, but not the whole. The case has been improperly considered heretofore, as if the defendant’s liability depended on the entire completion of the work by the plaintiff, before he could demand to be paid a dollar; but this is a plain mistake. The defendant was to pay to him $425 on framing, weatherboarding and .shmg’ling the house. The liability to pay this sum, depend-. *338 ed upon so much work being done; and so far the covenants were dependent. When, however, so much work was done, the covenant to pay $425 was independent of the covenant to finish the house. If the work stopped at that point, the plaintiff was entitled to demand his $425; and if the defendant was injured by the non-completion of the house, the covenant to complete would constitute matter of discount. This view of the case may be sustained by what is said by Serg’t. Williams, 1 Saunder’s 327, note 4, b : “ Where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages,” it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance in the declaration. The illustration of this principle, selected by the annotator, is Boon vs. Eyre, 1 H. B. 373, n. A, by deed, conveyed to B the equity of redemption of a plantation in the West Indies, together with the stock of negroes upon it, in consideration of £500, and an annuity of £160 for life, and covenanted that he had a good title to the plantation, was lawfully possessed of the negroes, and that B. should enjoy; and B covenanted that Á, well and truly performing all and every thing therein contained, on his part to be performed, he would pay the annuity. In an action by A, against B, on this covenant, the breach assigned was the non-payment of the annuity; plea, that A was not, at the time, legally possessed of the negroes on the plantation, and so had not good title to convey. The court of K. B. on demurrer, held the plea to be ill, and added, that if such plea were allowed, any one negro, not being the property of A, would bar the action. That, according to my view, is exactly analagous to this case; for here, as there, if this plea was allowed, and the plaintiff failed to phew that he had put up the last plank, or drove the last nail, he could not recover. While, by considering the covenant to pay the last payment, as depending on the covenant to finish, and thus as extending only to a part of the consideration on both sides, we are enabled to escape such unreasonable results. The second plea is bad, and the demurrer should have been sustained. 2d. On a demurrer fhe whole pleading is opened tq the court, and I think the *339 first plea and issue joined upon it are wrong. In covenant, there is no general traverse. All the pleas are special. The plea of performance should have concluded with a verification, and the plaintiff should have replied, and assigned specific breaches.
The motion to reverse the decision of the Judge below is granted. The pleas and issue are all ordered to be struck out; and a repleader is awarded.
Richardson and Wardlaw, JJ.} concurred.